IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEFFREY SCOTT HOFFMAN,            :
         Petitioner,              :
                v.                : Case No. 00-cv-159-KRG-KAP
SUPERINTENDENT CONNER BLAINE, Jr.,:
S.C.I. GREENE,                    :
         Respondent               :

Report and Recommendation

Recommendation

Petitioner has filed a motion to re-open his habeas corpus petition. docket no. 27. It should be denied.

Report

Petitioner is incarcerated at S.C.I. Greene, serving a 95-190 year sentence imposed by the Court of Common Pleas of Cambria County in 1997, after petitioner was convicted of a series of rapes. Petitioner filed a petition for a writ of habeas corpus in 2000: this court denied the petition in 2001, and the Court of Appeals for the Third Circuit denied a certificate of appealability denied in 2002. In 2006, petitioner filed a motion to vacate the judgment of this court under Fed.R.Civ.P. 60(b): the motion was denied that same year, and the Court of Appeals for the Third Circuit denied a certificate of appealability in 2007.

Petitioner appears to be asserting both that he is entitled to relief under Rule 60(b) and that either this motion or his previous motion to vacate should not be treated as a Rule 60 motion, because he can bring an independent action to obtain relief from a state court judgment obtained by a fraud on the court.

docket no. 27 at 2-3. Whatever petitioner's label for the motion, it retraces the same ground covered by his last Rule 60 motion, and as with the previous motion fails to make any showing that would justify reopening his petition. Because Rule 60(b) is neither a second opportunity to take a direct appeal, Morris v. Horn, 187 F.3d 333, 336 (3d Cir.1999), nor a second opportunity to litigate the merits of a habeas petition, Pridgen v. Shannon, 380 F.3d 721, 727-28 (3d Cir.2004)(a Rule 60 motion attacking the underlying state court conviction must be treated as a second or successive petition under the Antiterrorism and Effective Death Penalty Act of 1996 and be authorized under 28 U.S.C.§ 2244(b)), petitioner's motion must be denied.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: June 12 2007

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Jeffrey Scott Hoffman DX-2381
S.C.I. Greene
175 Progress Drive
Waynesburg, PA 15370

2